# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| J.D. ABRAMS, LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL NO. 24-CV-197-A |
| THE TRAVELERS LLOYDS ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, J.D. Abrams, LP (hereinafter "Abrams" or "Plaintiff"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, hereby submits this Petition for Declaratory Judgment against Defendant, The Travelers Lloyds Insurance Company (hereinafter "Travelers" or "Defendant"), and alleges and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Texas Limited Partnership with its principal place of business in Austin, Texas.

2. Defendant is an insurance company organized under the laws of Minnesota, with its principal place of business in Hartford, Connecticut. Defendant may be served with summons by serving its registered agent for service of process pursuant to Tex. Ins. Code § 804.103.

3. Pursuant to 28 U.S.C. § 1332(a)(1), there exists complete diversity of citizenship between Plaintiff and Defendant in this case as Plaintiff is a citizen of Texas and Defendant is a citizen of the States of Minnesota and Connecticut. The amount in controversy between the parties exceeds $75,000.00, exclusive of interests and costs, and thus meets the requirement of 28 U.S.C. § 1332(a).

4.  In accordance with 28 U.S.C. § 1391(b)(2), all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Travis County, Texas, which is located within the Western District of Texas. Therefore, jurisdiction and venue are proper in this Court.

5.  This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*, Plaintiff seeks a determination of question(s) of actual controversy between the parties as hereinafter stated.

## STATEMENT OF FACTS

*A. The Loss*

6.  This action stems from a previous dispute between Plaintiff and non-party, Godwin Formwork Solutions, Inc. ("GFS") and two related lawsuits resulting therefrom.

7.  On or about September 21, 2018, Plaintiff and GFS entered into a contract relating to the construction of a large public works project in Fannin County, Texas called the Lower Bois d'Arc Creek Lake Project (the "Project").

8.  On or about March 7, 2022, GFS filed suit against Plaintiff in Oklahoma County District Court in the State of Oklahoma. That case was subsequently removed to federal court in the Western District of Oklahoma and was styled *Godwin Formwork Solutions, LLC v. J.D. Abrams, LP*, United States District Court for the Western District of Oklahoma, Case No: CIV-22-287-G (referred to hereinafter as the "Oklahoma Case").

9.  Concurrently, GFS filed suit in Fannin County, Texas against the two sureties of the bonds issued to Plaintiff for the alleged amount owed by Plaintiff. That case was also removed to federal court and was styled *Godwin Formwork Solutions, Inc. v. The Continental Insurance Company and Liberty Mutual Insurance Company*, United States District Court for the Eastern

District of Texas, Sherman Division, CIVIL NO. 4:22-CV-260-SDJ-CAN (referred to hereinafter as the "Texas Case").

10.     Plaintiff, as non-party to the Texas Case, filed its Motion to Intervene as a Defendant in that case on November 17, 2022.

11.     GFS alleged in the Texas case and the Oklahoma case that Plaintiff lost certain GFS forms and materials during the construction of the Project. GFS also alleged that other forms and materials were stolen. The total amount of alleged lost or stolen materials was valued by GFS at $1,700,822.71.

12.     Shortly thereafter, all parties, including Plaintiff, engaged in mediation and both the Oklahoma Case and the Texas Case were settled out of court and dismissed with prejudice on or about February 16, 2023. Plaintiff settled with GFS pursuant to a Confidential Settlement Agreement and Release of Claims.

*B. The Insurance Policy*

13.     Travelers serves as Abrams's primary commercial insurer and provides Abrams with multiple coverage forms. Travelers issued Policy Package No. QT-660-1020C775-TLC-21 to Abrams, effective June 1, 2021 through June 1, 2022. Included in the Policy Package is a Commercial Inland Marine Policy which details an insurance limit of $1.5 million for (each) leased or rented item (hereinafter referred to as the "Policy").

14.     On or about July 22, 2022 and pursuant to the Policy, Abrams reported to Travelers that GFS had filed suit against Abrams alleging liability for unreturned and damaged modular components (the Oklahoma Case).

15. On or about August 17, 2022, Travelers issued correspondence to Abrams indicating Travelers was unable to determine whether the claim submitted by Abrams for the modular components at issue was covered under the Policy.

16. Travelers then issued correspondence to Abrams on or about December 7, 2022, stating grounds for its denial of liability coverage and declining to provide Abrams with a defense in the Oklahoma Case.

17. To date, despite receiving evidence of the loss of GFS's forms and related materials from the Project and Plaintiff's demand for coverage for said losses, Defendant has wrongfully denied coverage when such coverage clearly exists under the Policy.

## **CLAIM FOR DECLARATORY JUDGMENT**

18. Plaintiff incorporates and re-alleges paragraphs 1–17 above.

19. Plaintiff seeks declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining the actual controversy presently existing between Plaintiff and Defendant in this action.

20. Plaintiff seeks a declaratory judgment that Abrams is owed indemnity under the Policy for the loss incurred by Abrams on the Project.

21. Plaintiff seeks a declaration that Defendant has issued a wrongful denial of coverage, and that coverage exists under the Policy for Plaintiff's claim.

22. Because Defendant has issued a wrongful denial of coverage, Plaintiff has incurred fees and expenses to protect its interests. Those fees and expenses are continuing at the present time.

23. Plaintiff requests that the Court find that coverage indeed exists for the claim under the Policy issued by the Defendant and that the Defendant has issued a wrongful denial of

coverage, then Plaintiff demands reimbursement for its costs and expenses, including attorneys' fees, which it has incurred and continues to incur due to the wrongful denial of coverage.

WHEREFORE, J.D. Abrams, LP respectfully requests that declaratory judgment be granted to J.D. Abrams establishing that Travelers has issued a wrongful denial of coverage to J.D. Abrams; that the aforementioned claim is covered under the Policy issued by The Travelers Lloyds Insurance Company for the losses incurred by J.D. Abrams; that J.D. Abrams is owed indemnity under the Policy for the losses incurred during settlement; and that J.D. Abrams is entitled to judgment against Travelers for all cost and expenses Abrams has incurred and is continuing to incur as a result of the wrongful denials, in an amount to be determined at trial, but exceeding $75,000.00, plus interest and attorneys' fees and costs and for other just relief to which J.D. Abrams may be entitled.

Respectfully submitted,

*/s/ Jason S. Taylor*
Jason S. Taylor
Texas Bar No. 24008126
4100 First Place Tower
15 E. 5th Street
Tulsa, OK 74103
(918) 586-5711
jtaylor@cwlaw.com